UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN D. WALKER, | Case No. 2:04-cv-00929-KJD-PAL |
| Petitioner, | **ORDER** |
| v. | |
| E.K. MCDANIEL, et al., | |
| Respondents. | |

**I.      Introduction**

This is a closed habeas corpus action under 28 U.S.C. § 2254. Petitioner, Christian Walker, has filed a proper-person document that the clerk of the court has docketed as three motions. First is a motion for relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 96. Respondents oppose the motion. ECF No. 101. Second is a motion for appointment of counsel. ECF No. 97. Respondents oppose the motion. ECF No. 102. Third is a motion for leave to file an amended petition. ECF No. 98. Respondents oppose the motion. ECF No. 103. Walker has filed a combined reply. ECF No. 104. The court finds that Walker has not demonstrated that he is entitled to relief from the judgment, and the court denies the Rule 60(b) motion. The denials of the other two motions necessarily follow.

1

## II. Procedural History

### A. State-court proceedings

Timeliness of this action under the one-year limit of 28 U.S.C. § 2244(d)(1) always has been the issue. Walker was convicted in state district court of attempted murder with the use of a deadly weapon. Ex. 85 (ECF No. 60-19) (amended judgment). He appealed, and the Nevada Supreme Court dismissed the appeal on June 21, 1999. Ex. 87 (ECF No. 60-21). The time to petition the Supreme Court of the United States for a writ of certiorari expired on September 20, 1999. Sup. Ct. R. 13(1). For the purposes of 28 U.S.C. § 2244(d)(1)(A), his judgment of conviction became final that day.

Walker argued that he did not know about the conclusion of his direct appeal until much later. In its order of March 21, 2005, the court determined that the latest that Walker could have learned of the conclusion of the direct appeal was August 13, 2001, when the state district court appointed counsel to represent Walker in post-conviction proceedings. ECF No. 20 at 3. Under 28 U.S.C. § 2244(d)(1)(D), the one-year period of limitation would have started the next day, August 14, 2001.

A properly filed state post-conviction habeas corpus petition tolls the one-year limit. 28 U.S.C. § 2244(d)(2). However, Walker had nothing pending in state court for the next year. The federal one-year limit of § 2244(d)(1) expired at the end of August 13, 2002.

Walker filed a counseled first post-conviction habeas corpus petition in the state district court on July 14, 2003. Ex. 93 (ECF No. 60-27). The state district court denied the petition as untimely under Nev. Rev. Stat. § 34.726(1) on October 6, 2003. Ex. 97 (ECF No. 60-31). Walker appealed, and the Nevada Supreme Court affirmed on March 5, 2004. Ex. 108 (ECF No. 60-42). Remittitur issued on March 30, 2004. Ex. 109 (ECF No. 60-43).

The first state petition did not toll the federal one-year limit under § 2244(d)(2) because that limit already had expired. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

On November 7, 2007, Walker filed a second post-conviction habeas corpus petition in the state district court. Ex. 110 (ECF No. 60-44). The state district court denied the petition on its merits. Ex. 127 (ECF No. 61-2). Walker appealed. The Nevada Supreme Court reversed and

1 remanded because the state district court had not considered whether the petition was

2 procedurally defaulted. Ex. 138 (ECF No. 61-13). The state district court then determined that

3 the petition was procedurally defaulted. Ex. 150 (ECF No. 61-25). Walker appealed. On July

4 15, 2010, the Nevada Supreme Court concluded that the petition was untimely under Nev. Rev.

5 Stat. § 34.726(1), successive for claims already raised under Nev. Rev. Stat. § 34.810(1)(b),

6 abusive of the writ for claims raised for the first time under Nev. Rev. Stat. § 34.810(2), and

7 barred by laches under Nev. Rev. Stat. § 34.800. Ex. 168 at 1-2 (ECF No. 61-43 at 2-3). The

8 Nevada Supreme Court also concluded that Walker had not shown either good cause or actual

9 innocence to excuse the procedural default. Id. at 2-4 (ECF No. 61-43 at 3-5). Remittitur issued

10 on August 10, 2010. Ex. 169 (ECF No. 61-44).

11 The second state petition did not toll the federal one-year limit under § 2244(d)(2) because

12 that limit already had expired. Ferguson, 321 F.3d at 823.

13 **B.     Federal-court proceedings**

14 On July 2, 2004, before Walker filed his second state petition, this court received his

15 petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 8. On March 21,

16 2005, the court dismissed the petition as untimely. ECF No. 20. The court held that equitable

17 tolling was not available for post-conviction counsel's failure to take the federal one-year limit

18 into account. Id. at 3 (citing Miranda v. Castro, 292 F.3d 1063, 1066-68 (9th Cir. 2002); Frye v.

19 Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001)). After the court issued this decision, the Supreme

20 Court confirmed the Ninth Circuit's rulings. The Court held, "Attorney miscalculation is simply

21 not sufficient to warrant equitable tolling, particularly in the postconviction context where

22 prisoners have no constitutional right to counsel." Lawrence v. Florida, 549 U.S. 327, 336-37

23 (2007). The court also rejected Walker's argument that he was actually innocent. ECF No. 20 at

24 4-5.

25 Walker appealed. The Ninth Circuit affirmed this court's ruling on no equitable tolling

26 due to post-conviction counsel's miscalculation. ECF No. 41 at 2-3. The Ninth Circuit vacated

27 this court's ruling on actual innocence and remanded for an evidentiary hearing on that issue. Id.

28 at 3-6.

3

This court held an evidentiary hearing. After the hearing, the court ruled that Walker had not demonstrated actual innocence. ECF No. 80. Walker appealed. The Ninth Circuit affirmed this court's decision. ECF No. 89. The Ninth Circuit then denied Walker's petition for rehearing and rejected his suggestion for rehearing en banc. ECF No. 90. Walker then petitioned the Supreme Court of the United States for a writ of certiorari. ECF No. 94. The Supreme Court denied that petition on October 1, 2018. ECF No. 95.

Walker filed the three motions currently at issue on December 5, 2019.

### III.  Legal Standard

A Rule 60(b)(6) motion requires extraordinary circumstances, which rarely will occur in the context of habeas corpus. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

Walker bases his argument upon an incorrect belief that this court dismissed this action as procedurally defaulted, and then upon two Supreme Court cases that outlined how a person can gain relief from procedural default.

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). This is known as a procedural default.

Coleman also held that the ineffective assistance of post-conviction counsel is not cause to excuse the procedural default of a claim. 501 U.S. at 752-53. Coleman left open the question of whether ineffective assistance of state post-conviction counsel could be good cause to excuse a procedural default of a claim of ineffective assistance of trial counsel, when state law requires a person to raise such a claim in state post-conviction proceedings and not on direct appeal. Id. at 755.

4

1    The Supreme Court answered that question in <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012).  It
2    held that when state law requires a person to raise a claim of ineffective assistance of trial counsel
3    in post-conviction proceedings, the person can establish good cause to excuse the procedural
4    default of such a claim by showing (1) either the absence of counsel in initial state post-
5    conviction proceedings or the ineffective assistance of counsel in initial state post-conviction
6    proceedings and (2) that the claim of ineffective assistance of trial counsel is substantial.  <u>Id.</u> at
7    14.  The Supreme Court then extended <u>Martinez</u> to states in which, as a practical matter, a
8    petitioner will need to raise a claim of ineffective assistance of trial counsel in post-conviction
9    proceedings.  <u>Trevino v. Thaler</u>, 569 U.S. 413 (2013).  The Supreme Court later reinforced that
10   <u>Martinez</u> applies only to procedurally defaulted claims of ineffective assistance of trial counsel,
11   and not to other claims.  <u>Davila v. Davis</u>, 137 S. Ct. 2058 (2017).
12       <u>Buck v. Davis</u>, 137 S. Ct. 759 (2017), involved a Rule 60(b)(6) motion to gain relief from
13   a judgment to present a <u>Martinez</u> argument.  To summarize briefly, in Texas state court Buck was
14   convicted of murder and sentenced to death.  <u>Id.</u> at 769.  Texas, as a practical matter, required
15   Buck to raise his claims of ineffective assistance of trial counsel in state post-conviction
16   proceedings.  <u>Id.</u> at 771.  Buck had a substantial claim of ineffective assistance of trial counsel.
17   In the initial state post-conviction proceedings, Buck did not raise that claim.  <u>Id.</u> at 769.  In a
18   subsequent state post-conviction proceeding, Buck tried to raise the claim, but the state court
19   ruled that it was barred because he could have raised it in the initial proceeding.  <u>Id.</u> at 770.  In
20   § 2254 habeas corpus proceedings, the federal court ruled that the claim was procedurally
21   defaulted.  <u>Id.</u> at 770-71.  Then the Supreme Court decided <u>Martinez</u> and <u>Trevino</u>.  <u>Id.</u> at 771.
22   Buck filed a Rule 60(b)(6) motion, which the federal district court denied.  <u>Id.</u> at 771-72.  The
23   court of appeals denied a certificate of appealability.  <u>Id.</u> at 772-73.  The Supreme Court held that
24   extraordinary circumstances existed to grant relief and that the respondents had waived any
25   argument that <u>Martinez</u> and <u>Trevino</u> did not apply retroactively.  <u>Id.</u> at 778-80.
26   **IV.     Discussion**
27       Turning to this case, the court finds that extraordinary circumstances do not exist.
28   Walker's argument is flawed from the start.  Respondents did not move to dismiss the action

because it was procedurally defaulted, but because it was untimely under 28 U.S.C. § 2244(d)(1). ECF No. 11.  The court agreed.  No procedural default occurred in this case.  The court did not dismiss the action because a state-law reason, adequate and independent of federal law, barred relief in the state courts.  The court dismissed this action because the action was untimely under 28 U.S.C. § 2244(d)(1), a federal statute.  ECF No. 20.

Walker tries to apply Martinez where it is inapplicable.  Martinez applies only when the ineffective assistance of state post-conviction counsel, or the absence of that counsel, caused the procedural default of a substantial claim of ineffective assistance of trial counsel.  566 U.S. at 14. First, Walker argues that this petition was untimely because of the ineffective assistance of state post-conviction counsel.  However, Martinez does not apply to untimely federal habeas corpus petitions.  Second, Walker then argues that his federal habeas corpus counsel provided ineffective assistance because that counsel did not argue the ineffective assistance of state post-conviction counsel.  However, Martinez does not apply to arguments that federal habeas corpus counsel provided ineffective assistance.  Martinez simply has no applicability to the reasons why this court dismissed this action.

Buck v. Davis, which Walker argues vigorously to support his motion, also becomes inapplicable.  This case had no procedural default of a substantial claim of ineffective assistance of trial counsel, which meant that Martinez is inapplicable.  The extraordinary circumstances that justified relief from the judgment under Rule 60(b)(6) in Buck do not exist in this case.

What remains are Walker's arguments for equitable tolling that the court rejected and that the court of appeals affirmed.  The court decided that equitable tolling was not available for state post-conviction counsel's failure to take the federal filing deadline into account.  ECF No. 20 at 3. Subsequently, the Supreme Court held that attorney miscalculation of a filing deadline is not a good reason for equitable tolling, thus confirming this court's decision.  Lawrence, 549 U.S. at 336-37.  The court also decided that Walker had not demonstrated actual innocence.  ECF No. 80. Walker does not make any argument regarding that decision.  Consequently, no extraordinary circumstances exist to give Walker relief from the judgment.  The court denies Walker's Rule 60(b)(6) motion.

Reasonable jurists would not find this decision to be debatable or wrong, and the court will not issue a certificate of appealability.

Respondents have argued that the motion is untimely under Rule 60(c)(1), which requires a person to file a Rule 60(b)(6) motion within a reasonable time. The court will not address that argument because the motion's lack of merit was clear.

With the denial of the Rule 60(b)(6) motion, the court necessarily denies Walker's other two motions. Because the court is not reopening the action, the court will neither appoint new counsel to represent Walker nor grant him leave to file an amended petition.

## V. Conclusion

IT THEREFORE IS ORDERED that petitioner's motion for relief from the judgment (ECF No. 96) is **DENIED**.

IT FURTHER IS ORDERED that petitioner's motion for appointment of counsel (ECF No. 97) is **DENIED**.

IT FURTHER IS ORDERED that petitioner's motion for leave to file an amended petition (ECF No. 98) is **DENIED**.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED: September 1, 2020

KENT J. DAWSON
United States District Judge